UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ENNY AKINDE,

                            Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER MARC WHIRL (BADGE NO. 9207), POLICE OFFICER JOHN DOE 1-6,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANT MARC WHIRL**

10 CV 2076 (FB)(SMG)

Jury Trial Demanded

       Defendant Marc Whirl, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff seeks to invoke the jurisdiction of the Court as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about November 24, 2009, that the matter has not been settled or adjusted, and that plaintiff seeks to invoke the supplemental jurisdiction of the Court as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admits the allegations set forth in paragraph "6" of the complaint.

7. Admits that Marc Whirl is employed by the City of New York as a police officer as set forth in paragraph "7" of the complaint and that plaintiff purports to proceed as stated therein. Defendant further states that the remainder of the paragraph sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was present at 675 Lincoln Avenue on September 17, 2008.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that Shodiya Francois and Kayode Adegoke were present at 675 Lincoln Avenue on September 17, 2008.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was arrested on September 17, 2008 and transported to the 75th Precinct.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Marc Whirl was the arresting officer.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

35. Paragraph "35" of the complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint and each subpart thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendant Marc Whirl has not violated any rights, privileges or immunities under the Constitution, or laws of the United States, or the State of New York or any

political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. Defendant Whirl has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, defendant Whirl acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. This action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h and 50-i.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. Plaintiff has failed to fulfill the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

46. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48. Punitive damages may not be assessed against the City of New York.

**WHEREFORE,** defendant Marc Whirl requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 26, 2011

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City of New York
        100 Church Street, Room 3-192
        New York, New York 10007
        (212) 788-1580

By: /s/ _____
     Qiana Smith-Williams
     Assistant Corporation Counsel

To: Christopher Wright, Esq. (By ECF)
     Robert Marinelli, Esq. (By ECF)
     *Attorneys for Plaintiff*

Docket No. 10 CV 2076 (FB)(SMG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ENNY AKINDE,<br><br>              Plaintiff,<br><br>       -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER MARC WHIRL (BADGE NO. 9207), POLICE OFFICER JOHN DOE 1-6,<br><br>              Defendants. |
| **ANSWER ON BEHALF OF DEFENDANT MARC WHIRL** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: QIANA SMITH-WILLIAMS*<br>*Tel: (212) 788-1580*<br>*NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y. .......................................... ,2011*<br><br>*..................................................................... Esq.*<br><br>*Attorney for .........................................................* |